No. 13-1373

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

ROGER A. JOHNSON, JR.

*Plaintiff-Appellant*,

v.

NEXT DAY BLINDS CORPORATION AND
GREAT WINDOWS SERVICES, LLC

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

**APPELLEES' BRIEF**

Meredith S. Campbell
Stacey L. Schwaber
SHULMAN, ROGERS, GANDAL
    PORDY & ECKER, P.A.
12505 Park Potomac Ave., Sixth Floor
Potomac, Maryland 20854
(301) 230-5200 Phone
(301) 230-2891 Facsimile
mcampbell@srgpe.com
sschwaber@srgpe.com
*Counsel for Appellees*                    September 16, 2013

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 13-1373    Caption: Roger A. Johnson, Jr. v. Next Day Blinds Corporation and Great Windows Services, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

Next Day Blinds Corporation
_____
(name of party/amicus)

_____

who is    Appellee    , makes the following disclosure:
(appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☒ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☒ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☒ NO
      If yes, identify all such owners:

- 1 -

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
      financial interest in the outcome of the litigation (Local Rule 26.1(b))?    [X]YES[ ]NO
      If yes, identify entity and nature of interest:

         The Chubb Corporation, of which Federal Insurance Company
         is a wholly owned subsidiary.

5.    Is party a trade association? (amici curiae do not complete this question) [ ]YES[X]NO
      If yes, identify any publicly held member whose stock or equity value could be affected
      substantially by the outcome of the proceeding or whose claims the trade association is
      pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                 [ ]YES[X]NO
      If yes, identify any trustee and the members of any creditors' committee:

Signature: ___/s/ Stacey L. Schwaber_____        Date: ___4/4/13_____

Counsel for: _Next Day Blinds Corporation_____

## CERTIFICATE OF SERVICE
***************************

I certify that on ___4/4/13_____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

         Mr. Boniface Kwesi Cobbina
         Suite 900
         1000 Connecticut Avenue, NW
         Washington, DC 20036

___/s/ Stacey L. Schwaber_____                           ___4/4/13_____
        (signature)                                           (date)

07/19/2012                              - 2 -
SCC

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-1373__      Caption: Roger A. Johnson, Jr. v. Next Day Blinds Corporation and
                                                                    Great Windows Services, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____Great Windows Services, LLC_____
(name of party/amicus)

_____

who is _____Appellee_____, makes the following disclosure:
          (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☒ NO

2. Does party/amicus have any parent corporations?                    ☐ YES ☒ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent
   corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
   other publicly held entity?                                        ☐ YES ☒ NO
   If yes, identify all such owners:

- 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☒YES ☐NO
    If yes, identify entity and nature of interest:

    The Chubb Corporation, of which Federal Insurance Company
    is a wholly owned subsidiary.

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☒NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?                    ☐YES ☒NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature:  /s/ Stacey L. Schwaber                  Date:  4/4/13

Counsel for:  Great Windows Services, LLC

## CERTIFICATE OF SERVICE
**************************
I certify that on    4/4/13        the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

    Mr. Boniface Kwesi Cobbina
    Suite 900
    1000 Connecticut Avenue, NW
    Washington, DC 20036

/s/ Stacey L. Schwaber                          4/4/13
     (signature)                                  (date)

07/19/2012                        - 2 -
SCC

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... iii

JURISDICTIONAL STATEMENT ............................................................... 1

STATEMENT OF THE ISSUES .................................................................... 1

STATEMENT OF THE CASE......................................................................... 2

STATEMENT OF FACTS ................................................................................3

SUMMARY OF ARGUMENT.........................................................................6

ARGUMENT.....................................................................................................7

    I.     The District Court Did Not Err In Concluding That Johnson Made
          Misrepresentations In His Affidavit In Support Of His Motion To
          Proceed *In Forma Pauperis* ................................................................7

          A.     Standard of Review.....................................................................7

          B.     The District Court Did Not Fail To Provide A Basis For Its
                  Conclusion That Johnson's *In Forma Pauperis* Form Was Not
                  True And Correct ........................................................................8

          C.     The District Court Did Not Fail To Provide A Basis For Its
                  Conclusion That The *In Forma Pauperis* Form Required
                  Johnson To Disclose His Income................................................9

          D.     The District Court Did Not Err In Concluding That The *In
                  Forma Pauperis Form* Required Johnson To Disclose His
                  Income......................................................................................10

    II.    The District Court Did Not Abuse Its Discretion In Dismissing
          Johnson's Action With Prejudice .......................................................11

          A.     Standard of Review...................................................................11

          B.     The District Court Was Required To Dismiss This Case.........11

i

      C.    The District Court Did Not Abuse Its Discretion In Dismissing This Case With Prejudice ........................................................ 13

CONCLUSION ................................................................................................ 15

CERTIFICATE OF COMPLIANCE .............................................................. C-1

CERTIFICATE OF SERVICE ........................................................................ C-2

# TABLE OF AUTHORITIES

## Cases

*Askew v. Union Pacific Motor Freight Co.*,
    998 F.2d 1018, 1993 WL 245981 (8th Cir. Jul 9, 1993)......................................15

*Cheairs v. United Water/Suez*,
    2009 WL 3568660 (N.D. Ind. Oct. 26, 2009),.........................................11, 13, 15

*Holly v. Wexford Health Servs., Inc.,*
    339 Fed. Appx. 633 (7th Cir. Jul. 29, 2009) ....................................................8, 15

*Justice v. Granville County Bd. of Educ.*,
    2012 WL 1801949 (E.D.N.C. May17, 2012)................................................. 13-15

*Justice v. Granville County Bd. of Educ.*,
    479 Fed. Appx. 451, 2012 WL 4478463 (4th Cir. Oct. 1, 2012).........................13

*Mathis v. NY Life Ins. Co.*,
    133 F.3d 546 ................................................................................................. 14-15

*McCoy v. White*,
    145 F.R.D. 393 (D. Md. 1992) ...........................................................................14

*McCoy v. White*,
    978 F.2d 1255, 1992 WL 307838 (4th Cir. Oct. 26, 1992)..................................14

*Mullapudi v. Mercy Hosp. & Med. Ctr.*,
    2008 WL 4087952 (N.D. Ill. Aug. 21, 2008)......................................................12

*Oquendo v. Geren*,
    594 F. Supp. 2d 9 (D.D.C. 2009) ........................................................................13

*Staten v. Tekelec*,
    2011 WL 2358221 (E.D.N.C. Jun. 9, 2011)........................................................15

*Thomas v. Gen. Motors Acceptance Corp.*,
    288 F.3d 305 (7th Cir. 2002)................................................................... 8, 12-13

iii

## Statutes

28 U.S.C. § 1915 ................................................................................7, 12

28 U.S.C. § 1915(e)(2)(A) ................................................................ 1, 3, 12-13

28 U.S.C. § 1915(d)(1996) ...............................................................12

P.L. 104-134, April 26, 1996, 110 Stat. 1321 (104th Congress 1996).....................12

## Rules

Fed. R. App. P.  32(a)(5)..................................................................C-1

Fed. R. App. P.  32(a)(6)..................................................................C-1

Fed. R. App. P.  32(a)(7)(B) .............................................................C-1

Fed. R. App. P.  32(a)(7)(B)(iii) .........................................................C-1

## JURISDICTIONAL STATEMENT

Pursuant to Federal Rule of Appellate Procedure 28(b), Appellees Next Day Blinds Corporation and Great Windows Services, LLC (together, "NDB") are satisfied with Appellant Roger A. Johnson, Jr.'s ("Johnson") jurisdictional statement with the following exception. In his notice of appeal, Johnson asserted that he was appealing from the District Court's February 21, 2013 order denying Johnson's motion to alter or amend the judgment. However, in his opening brief Johnson now asserts that he is appealing from the District Court's November 1, 2012 underlying order dismissing the case. Regardless of the basis of the appeal, for the reasons set forth herein the District Court's dismissal of this case with prejudice should be affirmed.

## STATEMENT OF THE ISSUES

1.    Whether the District Court erred in concluding that Johnson's affidavit in support of his motion to proceed *in forma pauperis* was not true and correct.

2.    Whether the District Court abused its discretion by complying with 28 U.S.C. § 1915(e)(2)(A) and dismissing this action with prejudice based on Johnson's false representations in his *in forma pauperis*.

## STATEMENT OF THE CASE

The facts alleged in Johnson's statement of the case section of his brief are in large part irrelevant.[1] The merits (or lack thereof) of Johnson's complaint are not on review here.[2] In short, Johnson was employed as a window treatment installer for NDB, and subsequently sued NDB for purported discrimination and retaliation. (JA 53). Johnson filed a motion to proceed *in forma pauperis*, along with a sworn affidavit in support thereof. (JA 53-54, 67-70). As set forth more fully in the statement of facts section below, Johnson made misrepresentations in his sworn affidavit. The District Court, relying on Johnson's misrepresentations, ordered that Johnson's filing fee obligation be reduced. (JA 62).

Johnson's misrepresentations to the district court are not in dispute. At his deposition, Johnson admitted that the sworn statement he submitted in support of his application was not accurate. (JA 54-55, 63-64). Moreover, during discovery Johnson produced financial records evidencing approximately $50,000.00 in income that he failed to disclose to the District Court. (JA 54, 65-66). Pursuant to

---

[1] It also bears noting that Johnson failed to provide any citations to the record to support purported facts in this section.

[2] Nonetheless, Johnson's claims are without merit. (JA 234) ("Although the Court need not reach the merits of Plaintiff's claim, a review of the briefing of the summary judgment motion reveals that Defendants would also prevail on the merits.")

2

28 U.S.C. § 1915(e)(2)(A), Johnson's lawsuit was required to be dismissed, and

the District Court properly dismissed the action with prejudice on November 1,

2012. *See* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any

portion thereof, that may have been paid, ***the court shall dismiss*** the case at any

time if the court determines that -- (A) the allegation of poverty is untrue; or

[(B)...]") (emphasis added). Johnson subsequently filed a motion to alter or

amend the judgment, in effect seeking reconsideration, which was denied on

February 21, 2013. (JA 257-260).

## STATEMENT OF FACTS[3]

On August 5, 2009, Johnson used the District Court's template form to file a

motion for leave to proceed *in forma pauperis.* (JA 67-70). In Johnson's affidavit

in support of his motion, he affirmed under penalties of perjury that "I understand

the filing fee for most civil suits is $350...[B]ecause of my poverty I am unable to

pay such fee and costs . . . . " *Id.*

Question number 2 on the District Court's form affidavit asked Johnson:

> ***Have you received within the past 12 months any income
> from***: (1) settlements, judgments, or monetary awards following
> compensation, or disability payments; (2) Social Security,
> public assistance, workers' compensation, or disability
> payments; (3) ***a business, profession or other form of self-***

---

[3] Again, Johnson offers unsupported and irrelevant facts and allegations in his
statement of facts section.

3

> *employment*; (4) rent payments, interest, or dividends; (5) retirement, annuity, pension or insurance payments; (6) gifts or inheritances; or (7) *any other sources*?

Despite receiving $50,000 in employment earnings, *Johnson checked the box "No." Id.* Additionally, question number 1(b) on the District Court's form affidavit asked Johnson to fill in the amount of salary or wages per month he received from his last employment. (JA 69, 126, 235). Despite receiving $50,000 in employment earnings from his last employment, it is undisputed that Johnson did not disclose those earnings in response to Question 1(b). *Id.* Yet, Johnson signed the affidavit, affirming that "I declare under penalty of perjury that the information above is true and correct." (JA 67-70). On August 13, 2009, the Court ordered a reduction in the filing fee Johnson was obligated to pay. (JA 62).

Through discovery in this litigation, NDB learned that – contrary to his sworn statement to the District Court – in the twelve month period preceding Johnson's submission of his affidavit (August 5, 2008 – August 5, 2009), *Johnson was paid approximately $50,000.00 in wage income.* (JA 54, 65-66, 71). Specifically, from about mid-July 2008 through early August 2009, Johnson received $50,738.38 in income from Right Track, Inc., a blinds company for which Johnson started worked shortly after he left NDB. *Id.*

At his deposition, *Johnson confirmed that his in forma pauperis*

4

***application was not truthful***:

> Q   On the following page, at the top, it says 3 of 4, question two asks
> whether you have received within the past 12 months any income.
> Then it lists a variety of sources. Do you see that?
>
> A   I see that.
>
> Q   What did you answer as to whether or not you've received any
> incomes in the past 12 months?
>
> A   It's no.
>
> Q   But you had in fact received income from Right Track during the
> past 12 months. Correct?
>
> A   Yes, I guess. I didn't understand the question, I guess, but yes.
>
> Q   What didn't you understand?
>
> A   Maybe when I read it, I didn't -- I missed something. But I wrote
> no, so...

(JA 54-55, 63-64). Significantly, even after Johnson acknowledged the

misrepresentations at his deposition, neither he nor his counsel made any effort to

advise this district court or correct the false affidavit. (JA 55).

This is not the first time that Johnson has been accused of concealing income

in connection with a motion to proceed *in forma pauperis.* (JA 55, 73-75).

Johnson previously applied for *in forma pauperis* status in the district court in

connection with his lawsuit against, *inter alia*, Cal Ripken, Jr., in which he made

almost identical substantive allegations of employment discrimination. *Id.* Like

5

NDB, the defendants in the Ripken lawsuit sought dismissal based on Johnson's misrepresentations. (JA 55, 80-81). The district court in that case ultimately granted summary judgment to the Ripkens without reaching the issue of the misrepresentations contained in Johnsn's *in forma pauperis* application. (JA 55, 90-100).

## SUMMARY OF ARGUMENT

The Court should affirm the District Court's dismissal of Johnson's action with prejudice. Although on their face the three questions raised by Johnson in his statement of the issues are circular and nonsensical, two issues appear to emerge: (i) whether the District Court erred in concluding that Johnson's affidavit in support of his motion to proceed *in forma pauperis* contains misrepresentations; and (ii) whether the District Court abused its discretion by dismissing this action with prejudice. As addressed further below, the standard of review as to whether or not Johnson made misrepresentations in his *in forma pauperis* papers is clear error, and the standard of review as to the dismissal with prejudice is abuse of discretion.

Johnson contends that the District Court erred in concluding that he made misrepresentations in his *in forma pauperis* papers because: (i) the District Court did not provide a basis for its conclusion that Johnson's *in forma pauperis* papers were not true and correct; (ii) the District Court did not provide a basis for its

6

conclusion that the *in forma pauperis* form required disclosure of income; and

(iii) the District Court's conclusion that the *in forma pauperis* form required

disclosure of income was wrong. Each of these contentions is without merit. As

set forth more fully below, the District Court's memorandum opinion provided

detailed bases for its conclusions, and its conclusions were proper. It is undisputed

that Johnson's *in forma pauperis* papers were not true and correct. Further, a plain

reading of the *in forma pauperis* form reflects that it requires the disclosure of

income.

Johnson also contends that the District Court improperly dismissed the case.

Given Congress's mandate as set forth in 28 U.S.C. § 1915, the case must be

dismissed, and the only question is whether the District Court abused its discretion

in making the dismissal with prejudice. Here, the District Court was well within

its discretion to make the dismissal with prejudice.

## ARGUMENT

## I. THE DISTRICT COURT DID NOT ERR IN CONCLUDING THAT JOHNSON MADE MISREPRESENTATIONS IN HIS AFFIDAVIT IN SUPPORT OF HIS MOTION TO PROCEED *IN FORMA PAUPERIS*

### A. Standard Of Review

Johnson's contention that the standard of review is "remand" and/or *de novo*

based on a purported "dearth...of caselaw dealing with the standard of review

7

under 28 U.S.C. § 1915…" and Johnson's speculation as to the standard – simply is wrong. (Brief for Appellant at pp. 12, 16, 18). A district court's conclusion that a litigant made misrepresentations in his or her *in forma pauperis* papers is reviewed for clear error, which is a deferential standard. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002) (J. Posner).

In *Thomas*, the court also clarified that while the standard of review of a district court's conclusion that a plaintiff lied on his *in forma pauperis* application is clear error, the standard of review of a dismissal of an action with prejudice based on the misrepresentation is abuse of discretion. *Id.* "Both are deferential standards of review and, as a practical matter, similar or even identical in the amount of leeway they give the district judge." *Id., see also Holly v. Wexford Health Servs., Inc.,* 339 Fed. Appx. 633 (7th Cir. Jul. 29, 2009) (reviewing finding of misrepresentation on *in forma pauperis* application for clear error, and reviewing dismissal with prejudice for abuse of discretion).

## B.  The District Court Did Not Fail To A Provide A Basis For Its Conclusion That Johnson's *In Forma Pauperis* Form Was Not True And Correct

Contrary to Johnson's contentions that the District Court failed to provide bases for its conclusions, the District Court's November 1, 2012 nine-page detailed memorandum opinion clearly provides the bases for its conclusions, including its

8

conclusion that Johnson's *in forma pauperis* form was not true and correct. *See*

*e.g.,* JA 236 ("Thus, Plaintiff had income of approximately $50,000 during the

twelve month period prior to completing the IFP Motion and Affidavit and yet this

income appears nowhere on that form."); JA 236-37 (addressing Johnson's

deposition testimony admitting the inaccuracy). Thus, the District Court did not

fail to provide a basis for its conclusion that Johnson's *in forma pauperis* form was

not true and correct. Moreover, it is undisputed that Johnson's *in forma pauperis*

form was not true and correct. *See* pp. 4-5, *supra*.

### C.    The District Court Did Not Fail To Provide A Basis For Its Conclusion That The In Forma Pauperis Form Required Johnson To Disclose His Income

Again, contrary to Johnson's contention, the District Court's memorandum

opinion clearly provides the basis for its conclusion that the *in forma pauperis*

form requires the disclosure of income. *See e.g.,* JA 235-236:

> Question 1(b) queried...but [Johnson] provided no information regarding his salary or wages. The second question on the Affidavit asked 'Have you receive within 12 months any income from...(3) a business, profession, or other form of self-employment...or (7) any other sources? In response to that question, [Johnson] answered, 'No.'

(internal citations omitted). Similarly, in its February 21, 2013 Order denying

Johnson's motion for reconsideration, the District Court again detailed the basis for

its conclusion. *See* JA 259:

9

> Plaintiff again suggests that the forms provided by the Court for him
> to complete 'did not require Plaintiff's disclosure of his income for the
> preceding 12 months.'  Because Question 1 asked questions related to the
> applicant's employment, Plaintiff concludes that Question 2 was not seeking
> employment related income.  Plaintiff readily acknowledges, however, that
> he failed to answer the portion of Question 1 that clearly did ask about
> monthly income from employment.

Thus, the District Court did not fail to provide a basis for its conclusion that the *in forma pauperis* form required the disclosure of Johnson's income.

### D.    The District Court Did Not Err In Concluding That The *In Forma Pauperis Form* Required Johnson To Disclose His Income

Further, the District Court did not err in concluding that the *in forma pauperis* form required the disclosure of income.  Indeed, it is clear from a plain reading of the *in forma pauperis* form that it requires the disclosure of income. (JA 67-70). Johnson's allegation of confusion as to which question his employment earnings would be responsive is without merit.  Johnson contends that he did not disclose his income in response to Question No. 2 on the *in forma pauperis* affidavit because he believed that wages or income from employment were only responsive to Question No. 1b.  Yet, Johnson  admits that he did not disclose the $50,000 in employment earnings he received in response to Question No. 2 or  his "Monthly Gross" or "Monthly Net" earnings as specifically requested

in Question No. 1b.  Indeed, Johnson did not disclose this substantial amount of

income anywhere on his *in forma pauperis* affidavit.[4]

In short, Johnson's argument that the *in forma pauperis* form does not

require the disclosure of the income Johnson omitted simply strains credulity.

Thus, for the reasons set forth in the District Court's November 2012 and February

2013 orders, the District Court properly concluded that the form required the

disclosure of income, and no clear error was committed.

## II.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DISMISSING JOHNSON'S ACTION WITH PREJUDICE

### A.    Standard Of Review

As noted, the standard of review for a district court's dismissal of an action

with prejudice due to a plaintiff's misrepresentations on an *in forma pauperis*

affidavit is abuse of discretion.  *See*, pp. 7-8, *supra*.  This standard is deferential.

*Id.*

### B.    The District Court Was Required To Dismiss This Case

"The opportunity to proceed *in forma pauperis* is a privilege provided for

---

[4] Further, it is undisputed that Johnson received a letter from his former employer detailing his hourly wage rate **less *than one week*** before he filed the *in forma pauperis* affidavit in which he conveniently failed to disclose this information. (JA 72).  Johnson also knew less than a week before he filed his *in forma pauperis* Motion that he was set to receive an additional $846.15 in severance pay, yet he conveniently failed to disclose this information as well.  *Id.*

11

the benefit of indigent persons and the court system ***depends upon the honesty and***

***forthrightness of applicants to ensure that the privilege is not abused***." *Cheairs*

*v. United Water/Suez*, 2009 WL 3568660, * 5 (N.D. Ind. Oct. 26, 2009), *quoting*

*Mullapudi v. Mercy Hosp. & Med. Ctr.*, 2008 WL 4087952 (N.D. Ill. Aug. 21,

2008). 28 U.S.C. § 1915(e)(2)(A) requires that:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court ***shall*** dismiss the case at any time if the
> court determines that – (A) the allegation of poverty is untrue; or
> (B)…

(emphasis added). Based on the clear language of 28 U.S.C. § 1915(e)(2)(A), a

case ***must*** be dismissed if it is determined that an allegation of poverty is untrue.

Indeed, up until April 1996, the statute provided that courts "***may*** dismiss the case if

the allegation of poverty is untrue…" 28 U.S.C. § 1915(d) (1996) (emphasis

added). In 1996, Congress amended 28 U.S.C. § 1915 by, *inter alia*, changing

"may dismiss" to "shall dismiss." Congress also added language providing that

dismissals could occur "at any time." P.L. 104-134, April 26, 1996, 110 Stat. 1321

(104th Congress, 1996). The changes to the statute clearly reflect the legislature's

directive to the courts that if a court determines at any time that a plaintiff made

untrue allegations of poverty, the court must dismiss the case.

Courts have subsequently followed the legislature's instructions. *See e.g.,*

*Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002)

12

("[b]ecause the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice v. Granville County Bd. of Educ.*, 2012 WL 1801949, *6 (E.D.N.C. May17, 2012) ("pursuant to the clear language of 28 U.S.C. § 1915(e)(2)(A), plaintiff's cases must be dismissed, and they will be dismissed with prejudice…"), *aff'd,* 479 Fed. Appx. 451, 2012 WL 4478463 (4th Cir. Oct. 1, 2012); *Cheairs v. United Water/Suez*, 2009 WL 3568660 (N.D. Ind. Oct. 26, 2009) ("pursuant to the clear language of 28 U.S.C. § 1915(e)(2)(A), this case *must* be dismissed"); *Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009) ("Because the statute uses the command 'shall,' dismissal is mandatory in the face of untrue allegations of poverty.") Here,  as discussed above, Johnson failed to disclose approximately $50,000 of income he received during the twelve months prior to his filing his *in forma pauperis* application, yet swore his purported poverty to the District Court.  Johnson's false representation required that his case be dismissed.

## C.    The District Court Did Not Abuse Its Discretion In Dismissing This Case With Prejudice

Further, the District Court did not abuse its discretion in dismissing Johnson's case with prejudice. The District Court provided well-reasoned grounds for dismissing the case with prejudice. *See e.g.,* JA 239-240 ("…the Court finds [Johnson] submitted [his representations on his *in forma pauperis* affidavit] in what is tantamount to bad faith.  In submitting an affidavit sworn under penalty of

13

perjury, Plaintiff seems, at best, indifferent to the accuracy or completeness of the information he provided.")  The District Court further recognized that given that the issue of false *in forma pauperis* papers was raised in one of Johnson's previous lawsuits, Johnson should have exercised at least some care in submitting his sworn affidavit in this case.  *Id.*  Furthermore, Johnson failed to correct the false information in his *in forma pauperis* affidavit, despite being alerted to the discrepancy at his deposition. (JA 258).

Moreover, under similar circumstances, courts have dismissed or affirmed dismissals of cases with prejudice.  *See e.g., Justice v. Granville County Bd. of Educ.*, 2012 WL 1801949, \*3 (E.D.N.C. May 17, 2012) (dismissing case with prejudice because "Plaintiff's contention that he was unable to understand the IFP application is belied by the explicit language of the form…The IFP form clearly and unambiguously asks questions in plain English on a form designed for use by non-lawyers."); *McCoy v. White*, 145 F.R.D. 393, 397 (D. Md. 1992) (dismissing case with prejudice when plaintiff failed to disclose money he had received in a settlement on *in forma pauperis* affidavit, and recognizing that the *in forma pauperis* forms "are not complicated.");[5] *Mathis v. NY Life Ins. Co.*, 133 F.3d 546,

---

[5] The *McCoy* court reasserted its holding after further opposition pleadings were filed, 145 F.R.D. 399 (1992), and the case was affirmed by this Court, 978 F.2d 1255, 1992 WL 307838 (4th Cir. Oct. 26, 1992).

14

547 (7th Cir. 1998) (affirming dismissal with prejudice and rejecting plaintiff's

argument that his failure to disclose certain information was due to

misunderstanding *in forma pauperis* form question).[6]

In short, Johnson concealed income which would have disadvantaged his

application to proceed with his lawsuit without paying the required filing fee.

Johnson's actions forced the public to bear half the cost of his filing fee, taking

advantage of both the District Court and the "public purse." *Justice, supra*, 2012

WL 1801949 at *3.  For all of the reasons above, the District Court was within its

discretion in dismissing Johnson's case with prejudice.

## CONCLUSION

For all of the foregoing reasons, and those raised in NDB's motion to

dismiss (JA 52-102), reply in support thereof (JA 121-142), opposition to motion

to alter or amend judgment (JA 247-250), and the District Court's November 1,

---

[6] *See also, e.g., Staten v. Tekelec*, 2011 WL 2358221, *2 (E.D.N.C. Jun. 9,
2011) (dismissing with prejudice because plaintiff failed to disclose, *inter
alia*, employment earnings); *Holly v. Wexford Health Servs.*, 2009 WL
2251394, 339 Fed. Appx. 633, 635 (7th Cir. Jul. 29, 2009) (affirming
dismissal with prejudice because plaintiff failed to disclose monthly
employment earnings); *Askew v. Union Pacific Motor Freight Co.*, 998 F.2d
1018, 1993 WL 245981 (8th Cir. Jul 9, 1993) (affirming dismissal with
prejudice because plaintiff failed to disclose, *inter alia*, monthly gross
earnings); *Cheairs v. United Water / Suez*, 2009 WL 3568660, *2 (N.D. Ind.
Oct. 26, 2009) (dismissing with prejudice because plaintiff failed to disclose,
*inter alia*, gross wages).

15

2012 and February 21, 2013 Orders (JA 233-242, 257-260), the District Court did

not commit clear error or abuse its discretion, and this Court should affirm the

District Court's dismissal of this case with prejudice and the denial of the motion

to alter or amend the judgment, and award NDB its reasonable attorney's fees and

costs in connection with this appeal.

Respectfully Submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By:_____/s/_____
Meredith S. Campbell
Stacey L. Schwaber
12505 Park Potomac Ave., 6th Fl.
Potomac, Maryland 20854
(301) 230-5200

*Counsel for Appellees*

16

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P.  32(a)(7)(B) because it contains 3,526 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in Times New Roman 14 point.

/s/
_____
Meredith S. Campbell
Stacey L. Schwaber
SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.
12505 Park Potomac Ave., 6th Fl.
Potomac, Maryland 20854
(301) 230-5200

*Counsel for Appellees*

Date: September 16, 2013

C-1

## CERTIFICATE OF SERVICE

I certify that on September 16, 2013, the original and eight copies of this

brief were mailed via Federal Express overnight delivery to:

Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 E. Main Street, Suite 501
Richmond, VA 23219-3517

I further certify that on September 16, 2013, a copy of this brief was served

via the Court's electronic case filing system upon:

Boniface K. Cobbina
Law Offices of Boniface K. Cobbina, P.C.
1000 Connecticut Ave., NW, Suite 900
Washington, DC 20036

*Counsel for Appellant*

/s/
Meredith S. Campbell
Stacey L. Schwaber
SHULMAN, ROGERS, GANDAL,
 PORDY & ECKER, P.A.
12505 Park Potomac Ave., 6th Fl.
Potomac, Maryland 20854
(301) 230-5200

*Counsel for Appellees*

C-2